## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| PEER VENTURES, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | FILE NO. 1:23-cv-03330-ELR |
| EDGE DATA SOLUTIONS, INC., | : | |
| and LIGHTSPEED HOSTING, LLC. | : | |
| | : | |
| Defendants | : | |

## ANSWER, DEFENSES, COUNTERCLAIM, AND CROSS-CLAIM OF DEFENDANT LIGHTSPEED HOSTING, LLC

NOW COMES LightSpeed Hosting, LLC ("LightSpeed"), a named Defendant in the above-styled civil action, and hereby files its Answer, Defenses, Counterclaim, and Cross-Claim (as against Co-Defendant Edge Data Solutions, Inc. ("EDSI")) as follows:

## DEFENDANT LIGHTSPEED'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, including each count thereof, fails to state a claim against Defendant LightSpeed on which relief can be granted.

[1]

**SECOND DEFENSE**

Defendant LightSpeed pleads the defense of improper and insufficient process and improper and insufficient service of process.  Consequently, the Court is without personal jurisdiction over it.

**THIRD DEFENSE**

Plaintiff has waived and relinquished the rights alleged in its Complaint, with full knowledge of and with the intention to waive and relinquish such rights.

**FOURTH DEFENSE**

Defendant LightSpeed pleads the defense of laches.

**FIFTH DEFENSE**

The Complaint fails to establish that Defendant LightSpeed has breached any duties it may have owed to Plaintiff.

**SIXTH DEFENSE**

No act or omission by Defendant LightSpeed proximately caused or contributed to any of the damages alleged in Plaintiff's Complaint with the result that Defendant is not indebted to Plaintiff in any amount whatsoever.

**SEVENTH DEFENSE**

Plaintiff knowingly and voluntarily exposed itself to and assumed the known risks of mining cryptocurrency generally and Ethereum cryptocurrency specifically. Understanding these risks, Plaintiff chose to proceed with the activity.

**EIGHTH DEFENSE**

Defendant LightSpeed denies that it has any liability to Plaintiff or that Plaintiff has suffered any damages whatsoever.  However, to the extent liability or damages may be assigned, another party is or may be responsible.

**NINTH DEFENSE**

Plaintiff has failed to plead fraud with specificity.

**TENTH DEFENSE**

Defendant LightSpeed denies that it has any liability to Plaintiff or that Plaintiff has suffered any damages whatsoever.  However, to the extent liability and damages may be assigned to Defendant LightSpeed, Defendant is entitled to contribution and indemnity from co-Defendant EDSI for all or part of the claims Plaintiff has asserted.

## ELEVENTH DEFENSE

There has been no contract between Plaintiff and Defendant LightSpeed for the sale of goods described in the Complaint with the result that Plaintiff cannot recover for any alleged breach of contract as to this Defendant.

## TWELFTH DEFENSE

Defendant LightSpeed has fully performed all of its contractual duties to Plaintiff.   Defendant is therefore discharged from all liability due to full performance.

## THIRTEENTH DEFENSE

Defendant LightSpeed is not the manufacturer or seller of the goods at issue in this case and cannot be held liable for breach of contract or the breach of any express or implied warranties including warranties of merchantability or fitness for a particular purpose.

## FOURTEENTH DEFENSE

Defendant LightSpeed extended no express or implied warranties with respect to the goods at issue in this case.

## FIFTEENTH DEFENSE

Defendant LightSpeed is not a merchant with respect to goods of the kind at issue in this case and cannot therefore be held liable for a breach of any express or

[4]

implied warranties including warranties of merchantability or fitness for a particular purpose.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff accepted the goods and failed to give notice of an alleged breach within a reasonable time after it discovered or should have discovered the alleged breach.  Plaintiff retained and used the goods in spite of any alleged nonconformity.

## SEVENTEENTH DEFENSE

Plaintiff has not suffered a legally cognizable injury or any injury by any action of Defendant LightSpeed.

## EIGHTEENTH DEFENSE

Defendant LightSpeed is entitled to a deduction from the amount of Plaintiff's damages, if any, for the indebtedness owed by Plaintiff to Defendant arising from Plaintiff's breach of its contractual obligations owed to Defendant.

## NINETEENTH DEFENSE

Plaintiff has failed to mitigate any damages allegedly caused by Defendant LightSpeed.

### TWENTIETH DEFENSE

Plaintiff's damages, if any, are the result of an intervening and superseding cause.

### TWENTY-FIRST DEFENSE

Plaintiff is seeking to recover alleged lost profits or damages that are remote and completely speculative in nature.

### RESERVATION OF RIGHTS

Defendant LightSpeed hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and, thus, Defendant reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

Subject to the aforementioned defenses and reservation of rights, Defendant LightSpeed answers the individually numbered paragraphs of Plaintiff's Complaint below. Any allegation of fact not specifically admitted is denied.

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph no. 1.  The allegations therefore stand denied by operation of law.

2.

Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph no. 2.  The allegations therefore stand denied by operation of law.

3.

Admitted.

4.

Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph no. 4.  The allegations therefore stand denied by operation of law.

5.

Denied.

## FACTUAL BACKGROUND

### 6.

Admitted.

### 7.

Admitted.

### 8.

Defendant LightSpeed admits that "VHP 1200 Fluid" is used in tanks for cooling servers.  Defendant denies that it made any representations to Plaintiff regarding the fluid or formula.  Defendant is without sufficient knowledge to either admit or deny the remaining allegations contained in paragraph no. 8.  The allegations therefore stand denied by operation of law.

### 9.

Defendant LightSpeed is without sufficient knowledge to either admit or deny that Defendant Edge Data "sources certain components constituting the Servers and Tanks."  The remaining allegations contained in paragraph no. 9 are denied.

### 10.

Denied.

### 11.

Denied.

12.

Defendant LightSpeed admits that it sent an email to Plaintiff regarding a cryptocurrency mining system on February 24, 2021 and that Plaintiff contacted Defendant in response.  The remaining allegations of paragraph no. 12 are denied.

13.

Defendant LightSpeed admits that it engaged in calls and emails with Plaintiff regarding a cryptocurrency mining system.  The remaining allegations of paragraph no. 13 are denied.

14.

Paragraph no. 14 does not appear to contain allegations of fact or refers to an attachment to the Complaint.  The documents attached to the Complaint speak for themselves.  To the extent paragraph no. 14 may be deemed to contain allegations of fact, the allegations are denied.

15.

Paragraph no. 15 does not appear to contain allegations of fact or refers to an attachment to the Complaint.  The documents attached to the Complaint speak for themselves.  To the extent paragraph no. 15 may be deemed to contain allegations of fact, the allegations are denied.

16.

To the extent Plaintiff alleges that "set up" of the system included assembly, the allegations of paragraph no. 16 are denied. Defendant EDSI was responsible for assembly of the system's components. The remaining allegations of paragraph no. 16 are admitted.

17.

Denied.

18.

Denied.

19.

Admitted.

20.

Defendant LightSpeed is without sufficient knowledge to either admit or deny that Defendant Edge's fluid is or was "proprietary." Data "sources certain components constituting the Servers and Tanks." The remaining allegations contained in paragraph no. 20 are admitted.

21.

Admitted.

[10]

22.

Paragraph no. 22 does not appear to contain allegations of fact or, at most, rephrases statements appearing in an attachment to the Complaint.  The documents attached to the Complaint speak for themselves.  To the extent paragraph no. 22 may be deemed to contain allegations of fact, the allegations are denied.

23.

Denied.

24.

Defendant LightSpeed admits that "Batch #1" was operational after approximately 12 weeks.  The remaining allegations contained in paragraph no. 24 are denied.

25.

Defendant LightSpeed admits that servers for "Batch 2" were operational at approximately 27 weeks.  Defendant further admits that the whole system was operational as of approximately December 10, 2021.  The remaining allegations contained in paragraph no. 25 are denied.

26.

Denied.

27.

Defendant admits that the system experienced operational issues and did not perform optimally.  The remaining allegations contained in paragraph no. 27 are denied.

28.

Defendant LightSpeed admits that the system was last operated on or about June 1, 2022 to mine Ethereum cryptocurrency.  Defendant is without sufficient knowledge to either admit or deny the allegation pertaining to the ETH block height. The allegations therefore stand denied by operation of law.  The remaining allegations contained in paragraph no. 28 are denied.

29.

Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph no. 29.  The allegations therefore stand denied by operation of law.

30.

Paragraph no. 30 does not appear to contain allegations of fact or, at most, rephrases statements appearing in an attachment to the Complaint.  The document(s) attached to the Complaint speak for themselves.  To the extent paragraph no. 30 may be deemed to contain allegations of fact, the allegations are denied.

31.

Defendant admits that the system experienced operational issues and did not perform optimally.  The remaining allegations contained in paragraph no. 31 are denied.

32.

Denied.

33.

Denied.

34.

Denied.

35.

Defendant admits that the system experienced operational issues and did not perform optimally.  The remaining allegations contained in paragraph no. 35 are denied.

36.

Denied.

## COUNT I – BREACH OF CONTRACT

### 37.

Paragraph no. 37 does not contain allegations of fact and no response is necessary.  To the extent a response may be required, Defendant denies any and all allegations contained in paragraph no. 37.

### 38.

Defendant LightSpeed admits that it contracted with Plaintiff for the setup and hosting of the system.  The remaining allegations of paragraph no. 38 are denied.

### 39.

Denied.

### 40.

Admitted.

### 41.

Denied.

### 42.

Denied.

[14]

## COUNT II – IMPLIED WARRANTY OF MERCHANTABILITY

43.

Paragraph no. 43 does not contain allegations of fact and no response is necessary.  To the extent a response may be required, Defendant denies any and all allegations contained in paragraph no. 43.

44.

Denied.

45.

Denied.

46.

Denied.

47.

Denied.

48.

Denied.

49.

Denied.

50.

Denied.

51.

Denied.

52.

Denied.

## COUNT III – IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

53.

Paragraph no. 53 does not contain allegations of fact and no response is necessary.  To the extent a response may be required, Defendant denies any and all allegations contained in paragraph no. 53.

54.

Denied.

55.

Denied.

56.

Denied.

57.

Denied.

58.

Denied.

[16]

59.

Denied.

60.

Denied.

61.

Denied.

## **COUNT IV - FRAUD**

62.

Paragraph no. 62 does not contain allegations of fact and no response is necessary.  To the extent a response may be required, Defendant denies any and all allegations contained in paragraph no. 62.

63.

Denied.

64.

Denied.

65.

Denied.

66.

Denied.

67.

Denied.

68.

Paragraph no. 68 contains a statement as to Plaintiff's intent to seek punitive damages and therefore does not contain allegations for which a response is required. To the extent a response may be required, Defendant denies any and all allegations contained in paragraph no. 68.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant LightSpeed Hosting, LLC prays that the same be dismissed and that it be discharged hence, free from all liability, with all costs cast upon Plaintiff.

## COUNTERCLAIM AND CROSS-CLAIM

## JURISDICTION AND VENUE

1.

This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 because the amount in controversy, as shown by the Complaint, exceeds $75,000.00 and the action is between citizens of different states.

2.

Plaintiff filed this action in the Superior Court of Fulton County. Defendant LightSpeed timely removed the action to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446.

**FACTUAL ALLEGATIONS COMMON TO COUNTERCLAIM AGAINST PLAINTIFF AND CROSS-CLAIM AGAINST CO-DEFENDANT EDGE DATA SOLUTIONS, INC.**

3.

Defendant LightSpeed is a service provider engaged in the business of cloud hosting, fiber internet access, managed services, colocation, and crypto miner colocation.

4.

Defendant LightSpeed is neither a manufacturer, seller, nor merchant of the goods/hardware at issue in this action or any goods whatsoever except as may be incident to its hosting and service lines of business.

5.

With respect to the allegations of Plaintiff's Complaint, Defendant LightSpeed participated in the transaction described only as intermediary to facilitate a sale of goods from Defendant EDSI to Plaintiff. Defendant LightSpeed's role in the transaction was to receive and assist in the set-up of Plaintiff's hardware system

[19]

for cryptocurrency or "crypto" mining, particularly Ethereum crypto mining, following the sale and then to host and maintain the system at Defendant LightSpeed's Ohio data center.

6.

At no time did Defendant LightSpeed take title to Plaintiff's crypto mining system.

7.

Defendant LightSpeed agreed to host and maintain Plaintiff's crypto mining system.  Defendant LightSpeed was to receive a monthly hosting fee while the system was operated at Defendant's facility.

8.

Early in the course of Defendant LightSpeed's involvement with Plaintiff and Defendant EDSI, it became clear that the hardware Defendant EDSI sold to Plaintiff required extensive assembly for which Defendant EDSI was responsible.  Defendant EDSI requested Defendant LightSpeed complete the assembly and set up which Defendant LightSpeed completed.   Defendant LightSpeed was not fully compensated for this work.

9.

It also became apparent early on that the hardware and systems sold by Defendant EDSI to Plaintiff experienced multiple operational issues and did not perform optimally. Defendant LightSpeed was requested to and did troubleshoot the operational and performance issues and effected solutions to the extent it could reasonably do so. Defendant LightSpeed undertook these actions for the benefit of both Plaintiff and Defendant EDSI.

10.

Once Ethereum cryptocurrency transitioned from a "proof-of-work consensus" mechanism to a "proof-of-stake" model in mid-2022, Ethereum crypto became essentially un-minable. Plaintiff was aware that Ethereum could become un-minable at the time it purchased its crypto mining system from Defendant EDSI. Plaintiff elected to cease operating the hardware once the Ethereum transition occurred as it was no longer configured to generate revenue by other means.

11.

Since Plaintiff ceased operating its crypto mining system, Defendant LightSpeed has continued to hold and store Plaintiff's equipment without compensation. Defendant LightSpeed has also incurred expense related to the transportation of the system for its continued storage and safekeeping.

[21]

## COUNTERCLAIM AGAINST PLAINTIFF

## COUNT I – QUANTUM MERUIT

### 12.

Defendant LightSpeed hereby re-alleges and incorporates by reference in this Count all of the allegations set forth in the preceding paragraphs 1 through 11 as if fully set forth herein.

### 13.

Defendant LightSpeed rendered valuable services to Plaintiff.   Plaintiff accepted Defendant's services and has retained the benefits thereof, but Plaintiff has failed to pay Defendant for Defendant's work or for the transportation and long-term storage of Plaintiff's equipment.

### 14.

Defendant is therefore entitled to recover the reasonable value of the services rendered to Plaintiff.

### 15.

Defendant is entitled to recover in quantum meruit for the value of the services rendered to Plaintiff in an amount to be proven at trial.

## COUNT II – UNJUST ENRICHMENT

16.

Defendant LightSpeed hereby re-alleges and incorporates by reference in this Count all of the allegations set forth in paragraphs 1 through 15 as if fully set forth herein.

17.

Defendant LightSpeed rendered valuable services to Plaintiff.  Plaintiff accepted Defendant's services and retained the benefits thereof, but Plaintiff has failed to pay Defendant for Defendant's work or for the transportation and long-term storage of Plaintiff's equipment.

18.

Plaintiff was therefore unjustly enriched at Defendant LightSpeed's expense.

19.

Defendant LightSpeed is entitled to recover from the Plaintiff an amount equal to Plaintiff's unjust enrichment in an amount to be proven at trial.

## COUNT III – EXPENSES OF LITIGATION

### 20.

Defendant LightSpeed hereby re-alleges and incorporates by reference in this Count all of the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

### 21.

Plaintiff has been stubbornly litigious, has acted in bad faith, and has caused Defendant LightSpeed unnecessary trouble and expense in the underlying transaction with the result that Plaintiff is indebted to Defendant LightSpeed for its expenses of this litigation, including its reasonable attorneys' fees and costs of this action in an amount to be proven at trial.

### <u>CROSS-CLAIM AGAINST CO-DEFENDANT EDSI</u>

### 22.

Defendant LightSpeed disputes that it was a "buyer" or "seller" of the goods at issue in this case.  Defendant LightSpeed served only as an intermediary to facilitate a sale of goods from Defendant EDSI to Plaintiff.  **However, to the extent Defendant LightSpeed may be deemed a "buyer" in the transaction, notice is hereby given pursuant to O.C.G.A. § 11-2-607, that Defendant EDSI, as the seller of the goods, may come in and defend against Plaintiff's claims.  If**

[24]

**Defendant EDSI does not do so it will be bound by any determinations of fact set forth in Plaintiff's claim or this Cross-Claim.  Unless Defendant EDSI comes in and defends the action, it is so bound.**

### COUNT I – CONTRIBUTION

23.

Defendant LightSpeed hereby re-alleges and incorporates by reference in this Count all of the allegations set forth in paragraphs 1 through 22 as if fully set forth herein.

24.

Cross-Defendant EDSI's actions, conduct, or negligence contributed to the alleged harm or damages suffered by Plaintiff.

25.

Defendant LightSpeed alleges that, to the extent Plaintiff is successful in obtaining a judgment against Defendant and Cross-Complainant LightSpeed, Cross-Defendant EDSI should be required to contribute to that judgment.

## COUNT II - INDEMNITY

### 26.

Defendant LightSpeed hereby re-alleges and incorporates by reference in this Count all of the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

### 27.

Cross-Defendant EDSI's actions, conduct, or negligence directly caused or substantially contributed to the harm or injury allegedly sustained by Plaintiff, and as such, Cross-Defendant EDSI should be solely responsible for any and all damages awarded.

### 28.

Defendant LightSpeed alleges that, if Plaintiff's claims against it result in a judgment, Cross-Defendant EDSI is obligated to indemnify Defendant and Cross-Complainant LightSpeed for any damages, costs, and expenses incurred.

## COUNT III – QUANTUM MERUIT

### 29.

Defendant LightSpeed hereby re-alleges and incorporates by reference in this Count all of the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

30.

Defendant LightSpeed rendered valuable services to Cross-Defendant EDSI. Cross-Defendant EDSI accepted Defendant LightSpeed's services and has retained the benefits thereof, but Cross-Defendant has failed to pay Defendant for Defendant's work.

31.

Defendant is therefore entitled to recover the reasonable value of the services rendered to Cross-Defendant EDSI.

32.

Defendant LightSpeed is entitled to recover in quantum meruit for the value of the services rendered to Cross-Defendant EDSI in an amount to be proven at trial.

**COUNT IV – UNJUST ENRICHMENT**

33.

Defendant LightSpeed hereby re-alleges and incorporates by reference in this Count all of the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

34.

Defendant LightSpeed rendered valuable services to Cross-Defendant EDSI. Cross-Defendant EDSI accepted Defendant LightSpeed's services and retained the

benefits thereof, but Cross-Defendant EDSI has failed and refused to pay Defendant LightSpeed for Defendant's work.

35.

Cross-Defendant EDSI was therefore unjustly enriched at Defendant LightSpeed's expense.

36.

Defendant and Cross-Complainant LightSpeed is entitled to recover from Cross-Defendant EDSI for Cross-Defendant's unjust enrichment in an amount to be proven at trial.

## COUNT V – EXPENSES OF LITIGATION

37.

Defendant LightSpeed hereby re-alleges and incorporates by reference in this Count all of the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

38.

Cross-Claim Defendant EDSI has been stubbornly litigious, has acted in bad faith, and has caused Defendant LightSpeed unnecessary trouble and expense in the underlying transaction with the result that Defendant EDSI is indebted to Defendant

[28]

LightSpeed for its expenses of this litigation, including its reasonable attorneys' fees and costs of this action in an amount to be proven at trial.

WHEREFORE, Defendant LightSpeed Hosting, LLC prays for the following relief:

(a)     That Plaintiff's Complaint be dismissed and that Defendant LightSpeed be discharged hence, free from all liability, with all costs cast upon Plaintiff;

(b)     That Defendant LightSpeed receive a judgment against Plaintiff for Quantum Meruit, and/or Unjust Enrichment in an amount to be proven at trial;

(c)     That Defendant LightSpeed receive a judgment against Cross-Defendant EDSI for Contribution, Indemnity, Quantum Meruit, and Unjust Enrichment in an amount to be proven at trial;

(d)     That Defendant LightSpeed recover against Plaintiff and Cross-Defendant EDSI for its expenses of this litigation, including reasonable attorney's fees;

(e)     That Defendant LightSpeed recover its court costs incurred in prosecuting this action; and

(f)     That Defendant LightSpeed have such other and further relief as this Court deems just and proper.

[29]

## **Local Rule 7.1D Certificate**

By signature below, counsel certifies that this pleading is prepared in Times New Roman, 14 pt. font, in compliance with Local Rule 5.1.

This 3rd day of August, 2023.

OLDENBURG & STINER, P.C.

By: __/s/ Gary V. Stiner, Jr._____
       Mark D. Oldenburg
        Ga. Bar No.        551390
       Gary V. Stiner, Jr.
        Ga. Bar No.     682559

       *Attorneys for Defendant LightSpeed Hosting, LLC*

ADDRESS ALL
COMMUNICATIONS TO:

Gary V. Stiner, Jr.
2004 Commerce Drive
Suite 200
Peachtree City, GA 30269
(770) 632-9500
(770) 632-00123 (fax)
gstiner@oldenburgstiner.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

PEER VENTURES, INC.,              :
                               :

     Plaintiff,                :

                               :     CIVIL ACTION

v.                           :

                               :     FILE NO. _____

EDGE DATA SOLUTIONS, INC.,     :
and LIGHTSPEED HOSTING, LLC.   :

                               :

     Defendants         :

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/EDF system which will automatically send e-mail notification of such filing to the following attorney of record:

Mark Battleson, Esq.
Battleson Law, LLC
1100 Peachtree St. NE, Suite 200
Atlanta, Georgia 30309

-and-

Edge Data Solutions, Inc.
c/o Delray Wannemacher, R.A.
3550 Lennox Road NE, 21st Floor
Atlanta, Georgia 30326

via regular U.S. Mail.

[31]

This 3rd day of August, 2023.

/s/ Gary V. Stiner, Jr.
Gary V. Stiner, Jr.